IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ONE WAY INVESTMENTS, INC., § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:14-CV-2839-D |
| VS. § | |
| § | |
| CENTURY SURETY COMPANY, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff One Way Investments, Inc. ("One Way") moves to remand this case based on lack of complete diversity, citing the Texas citizenship of One Way and of defendant Richard Mattoni ("Mattoni"). Defendants Century Surety Company ("Century"), VeriClaim, Inc. ("VeriClaim"), and Mattoni oppose the motion on the basis that Mattoni has been improperly joined. Concluding that defendants have met their heavy burden of establishing improper joinder, the court denies the motion.

I

This lawsuit arises in connection with a storm that caused wind and hail damage to One Way's property, a building. According to One Way's state-court first amended petition, Century insured the property under a commercial property insurance policy (the "Policy"); Century assigned VeriClaim as the adjusting company to oversee the claims adjustment process, and Century and/or VeriClaim assigned Mattoni as the individual field adjuster. One Way alleges that Mattoni failed to conduct a reasonable investigation and concluded that

there was no wind or hail damage to the building caused by the storm; although he observed damage to the roof and interior units, he attributed the damage to other factors, including water intrusion through every other opening besides the roof; and he substantially underestimated the damages to the building. One Way also asserts that its own roofing contractor and public adjusters determined, after conducting a thorough inspection of the exterior and interior, that hail had caused extensive damage requiring urgent repairs and replacement of the roof and building appurtenances, and that Mattoni under-scoped the damages during his investigation. One Way also avers that Century, VeriClaim, and Mattoni misrepresented that the damage to the property was not covered under the Policy, even though the damage was caused by a covered occurrence, thereby violating Tex. Ins. Code Ann. § 541.060(a)(1); failed to make an attempt to settle One Way's claim in a fair manner, although they were aware of their liability under the Policy, thereby violating Tex. Ins. Code Ann. § 541.060(a)(2)(A); failed to affirm or deny coverage of One Way's claim within a reasonable time, thereby violating Tex. Ins. Code Ann. § 541.060(a)(4); refused to fully compensate One Way under the Policy, even though Mattoni failed to conduct a reasonable investigation, thereby violating Tex. Ins. Code Ann. § 541.060(a)(7); and knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from One Way. One Way sues Mattoni under Tex. Ins. Code Ann. § 541.151 based on the alleged violations of Tex. Ins. Code Ann. § 541.060(a) enumerated above.

      One Way moves to remand, contending that One Way's and Mattoni's Texas

citizenship deprives this court of subject matter jurisdiction and precludes removal. Defendants oppose the motion based on the doctrine of improper joinder. One Way has not filed a reply brief, and the remand motion is now ripe for decision.

II

For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citation omitted). Moreover, under 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction if any properly joined defendant is a citizen of the state in which the action is brought (here, Texas).

The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The doctrine allows federal courts to defend against attempts to manipulate their jurisdiction, such as by joining nondiverse parties solely to deprive federal courts of diversity jurisdiction. *See id.* at 576. But because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Therefore, the removal statute is strictly construed, with "any doubt about the propriety of removal [being] resolved in favor of remand." *Id.* at 281-82. Moreover, in determining whether a party has been improperly joined, the court "resolve[s] all contested factual issues

- 3 -

and ambiguities of state law in favor of the plaintiff." *Id.* at 281.  The party seeking removal bears a heavy burden to prove improper joinder.  *Smallwood*, 385 F.3d at 574.

Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the nondiverse defendant in state court.  *Parsons v. Baylor Health Care Sys.*, 2012 WL 5844188, at *2 (N.D. Tex. Nov. 19, 2012) (Fitzwater, C.J.) (citing *Smallwood*, 385 F.3d at 573).  Under the second alternative—the one at issue in this case—the test for improper joinder is

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

*Smallwood*, 385 F.3d at 573; *see also Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (explaining that terms "no possibility" of recovery and "reasonable basis" for recovery have essentially identical meaning, and holding that pleadings must show more than "any mere theoretical possibility of recovery").  To assess "whether a plaintiff has a reasonable basis of recovery under state law[,]"

> [t]he court may conduct a [Fed. R. Civ. P.] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.  That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder.  In such cases, the district court may, in its discretion, pierce the

pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573 (footnotes omitted).

III

A

Defendants maintain that One Way has improperly joined Mattoni. Relying on Tex. R. Civ. P. 91a, they contend that, judged by the pleading standard that it imposes, One Way has failed to allege a reasonable basis to predict it can recover against Mattoni. They contend that, for Mattoni to be held liable, One Way must be able to show that he committed a violation of the Texas Insurance Code and that this violation was a cause of damage or legally recognized harm to One Way. Defendants posit that One Way's damage or harm is Century's failure to pay what One Way believes it is owed under the Policy; that an independent adjuster does not have a contractual relationship with the insurance carrier's insured and does not have individual liability for payments made or due under the Policy; that the duty to conduct a reasonable investigation is part of the "special relationship" between the insured and insurer that imposes the duty of good faith and fair dealing on the insurer to pay once liability is reasonably clear; that the lack of a contractual relationship with the insured also means that an independent adjuster has no duty to affirm or deny coverage or issue a "reservation of rights" while assisting the carrier's investigation of a claim; and that even though the Texas Insurance Code allows actions against adjusters, and even if Mattoni violated the Code, One Way would have a claim against him only if his violation caused an injury that is separate from an injury arising from the insurer's

- 5 -

Case 3:14-cv-02839-D   Document 16   Filed 12/11/14   Page 6 of 9   PageID 130

nondelegable duty under the Policy. Defendants also argue that One Way has not alleged specific facts regarding individual misrepresentations that Mattoni made, nor has it alleged detrimental reliance on injury from a misrepresentation, and that post-loss misrepresentations generally do not give rise to liability; that a policy's promise to promptly compensate does not become a misrepresentation merely because an insurer disputes whether a loss is compensable and delays payment; that an insurer's statement to an insured that coverage is denied is not an actionable misrepresentation merely because it is later determined that coverage was appropriate; that One Way complains that Mattoni told One Way that the Policy did not provide coverage after investigating the claim; and that One Way does not allege that Mattoni represented that it would receive a particular kind of policy or that he had previously represented that One Way's loss would be covered because he is an adjuster, not a sales agent. Defendants reason that, because One Way is simply trying to recast its complaint regarding Century's alleged underpayment of the claim as a misrepresentation by Mattoni, there is no basis for imposing liability on him for One Way's misrepresentation claims.

B

Defendants have met their heavy burden of demonstrating that there is no reasonable basis for the court to predict that One Way might be able to recover against Mattoni. One Way alleges that Mattoni committed the following violations of Tex. Ins. Code Ann. § 541.060(a), for which he may be held liable under Tex. Ins. Code Ann. § 541.151: § 541.060(a)(1), § 541.060(a)(2)(A), § 541.060(a)(4), and § 541.060(a)(7).

Mattoni cannot be held liable under § 541.060(a)(1). One Way alleges that Mattoni and the other two defendants "misrepresented to [One Way] that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence." Am. Pet. ¶ 21. This conclusory allegation necessarily relates to the assertions that Mattoni failed to conduct a reasonable investigation and concluded that there was no wind or hail damage to the building caused by the storm; that although he observed damage to the roof and interior units, he attributed the damage to other factors, including water intrusion through every other opening besides the roof; and that he substantially underestimated the damages to the building, that is, that "Mattoni under-scoped the damages during his investigation." *Id.* at ¶ 19. In other words, as pleaded, One Way is alleging that Mattoni misrepresented that the damage to the property was not covered under the Policy by representing that the wind and hail damage to the building was far less extensive than it actually was and that it was caused by factors that did not trigger coverage under the Policy. But those statements are of a type that this court has held are not within the scope of § 541.060(a)(1) because they do not relate to the "coverage at issue." *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.) (holding, *inter alia*, that claims adjuster had been improperly joined because alleged misrepresentations that "there was no damage to . . . roof when in fact there was damage" and "that the damage was only cosmetic in nature when in fact there was leaking resulting from the damage" were not statements that related to coverage at issue). "The misrepresentation must be about the details of a policy, not the facts giving rise to a claim

for coverage." *Id.* One Way does not allege that Mattoni made misrepresentations about the details of the Policy.

One Way cannot recover against Mattoni under § 541.060(a)(2)(A). As *Messersmith* explains, "§ 541.060(a)(2), which prohibits 'failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement' of claims where the insurer's liability is reasonably clear . . . forces insurance companies to pay a claim when the evidence is 'reasonably clear.'" *Messersmith*, 10 F.Supp.3d at 724. An adjuster "cannot be held liable under this section because, as an adjuster, [he] does not have settlement authority on behalf of [the insurer.]" *Id.* "[His] sole role is to assess the damage." *Id.*

One Way cannot recover against Mattoni under § 541.060(a)(7).

> Like [§ 541.060(a)(2)] the bad behavior that the statute targets is an insurer's refusal to pay under certain circumstances. Those who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation.

*Messersmith*, 10 F.Supp.3d at 725.

Finally, One Way cannot recover against Mattoni under § 541.060(a)(4)(A), which provides that it is an unfair settlement practice to "fail[] within a reasonable time to . . . affirm or deny coverage of a claim to a policyholder[.]" The court has located no case under § 541.060(a)(4)(A) or its predecessor statute indicating that it applies to adjusters. Cases that discuss this section refer to the obligations of insurers. *See, e.g., Stewart Info. Servs. Corp. v. Great Am. Ins. Co.*, 997 F.Supp.2d 650, 675 (S.D. Tex. 2014) (stating that "Section

541.060(a)(4) of the Insurance Code provides that it is an unfair settlement practice for an insurer to fail within a reasonable time to (A) affirm or deny coverage of a claim to a policyholder; or (B) submit a reservation of rights to a policyholder"); *S. Farm Bureau Life Ins. Co. v. Lusk*, 2014 WL 897812, at *1 (S.D. Tex. Mar. 6, 2014) (referring to alleged violation of "Article 21.21(4)(10)(a) (now codified at § 541.060(a)(4)(A)), which prohibits insurance companies from failing within a reasonable time to affirm or deny coverage of a claim to a policyholder"). Borrowing language and reasoning from *Messersmith*, the court holds that an adjuster cannot be held liable under this section because an adjuster does not have authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder.

Accordingly, because defendants have met their heavy burden of demonstrating that Mattoni has been improperly joined, Mattoni's Texas citizenship may be disregarded. Because the properly-joined parties are completely diverse, One Way's motion to remand must be denied.

\* \* \*

One Way's August 27, 2014 motion to remand is denied.

**SO ORDERED**.

December 11, 2014.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE