IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ONE WAY INVESTMENTS, INC., § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:14-CV-2839-D |
| VS. § | |
| § | |
| CENTURY SURETY COMPANY, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Century Surety Company ("Century") moves for summary judgment dismissing plaintiff One Way Investments, Inc.'s ("One Way's") claims for breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. For the reasons that follow, the court grants the motion and dismisses this action by judgment filed today.

I

This case involves an insurance coverage dispute. Century insured One Way's Han Gil Hotel Town (the "Property") in Dallas under a Texas Commercial Property Insurance Policy (the "Policy"). One Way alleges that, on or about June 13, 2012, a severe hail storm caused significant damage to the Property's roof and appurtenances and to its interior. One Way submitted a claim under the Policy for wind and hail damage caused to the Property by the storm, seeking the cost for repair and/or replacement of the roof, air conditioning units, and damage to the interior walls.

Century's adjuster, Richard Mattoni ("Mattoni"), estimated the cost of the Property damage to be $2,372.43, which was less than the amount of One Way's deductible. Accordingly, Century did not pay any amount on One Way's claim.

One Way sued Century for breach of the Policy, breach of the duty of good faith and fair dealing, and unfair settlement practices and failure to promptly pay its claim, in violation of the Texas Insurance Code.[1] Century now moves for summary judgment. One Way opposes the motion.[2]

II

When, as here, a party moves for summary judgment on claims on which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the opposing party's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the opposing party must go beyond its pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37

---

[1]One Way also sued VeriClaim, Inc. ("VeriClaim") and Mattoni. On May 14, 2015 the court dismissed One Way's action against VeriClaim with prejudice and entered a Fed. R. Civ. P. 54(b) final judgment. On August 25, 2015 the court granted One Way's unopposed motion to dismiss its action against Mattoni with prejudice.

[2]One Way has filed a motion to extend time to designate expert witnesses, an amended motion to extend time to designate expert witnesses, a motion to file an amended response to Century's motion for summary judgment, and a motion to file an amended expert disclosure. The court grants the motions. Because One Way has attached its proposed amended expert designations and response to Century's motion for summary judgment to its motions, the court has been able to consider them and determine that they do not change the result or reasoning of this memorandum opinion and order.

F.3d 1069, 1075 (5th Cir. 1994) (en banc) ( per curiam).  An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The opposing party's failure to produce proof as to any essential element of a claim renders all other facts immaterial.  *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.).  Summary judgment is mandatory if the opposing party fails to meet this burden.  *Little*, 37 F.3d at 1076.

III

Century first moves for summary judgment dismissing One Way's breach of contract claim, in which One Way asserts that Century breached the Policy by not paying for the full cost of repairs to the Property.

A

Century maintains that the Policy does not cover damage or loss to the Property due to wear and tear; there is no evidence from which a jury could allocate covered loss (due to wind and hail) from non-covered loss (due to wear and tear); there is no expert testimony that the Property damage was caused by wind and hail; there is expert testimony that the Property damage was caused by wear and tear and improper construction; and there is no evidence establishing that the alleged cost of repairs is reasonable and necessary.  Century offers the affidavit of its expert, Robert N. Fleishmann ("Fleishmann Affidavit"), as evidence that the damage to the Property was not caused by wind and hail.

One Way responds that expert testimony is not required to allocate loss between

covered and non-covered losses; there is evidence that the roof leaked after, but not before, the storm; and there is evidence of the estimated cost of repairs. One Way offers as evidence the affidavit of Amos Mun, the proprietor of the Property, a report by A & L Engineering and Consulting, Inc. ("A & L"), and an estimate of the cost of repairs by Accord Services, Inc. ("Accord").

B

It is undisputed that Texas law applies in this diversity case. An insured cannot recover under an insurance policy unless the insured pleads and proves facts that show that its damages are covered by the policy. *See Emp'rs Cas. Co. v. Block*, 744 S.W.2d 940, 944 (Tex. 1988), *overruled in part on other grounds by State Farm Fire & Cas. v. Gandy*, 925 S.W.2d 696 (Tex. 1996). Although an insured who suffers damage from both covered and excluded perils is not precluded from recovering, "[w]hen covered and excluded perils combine to cause an injury, the insured must present some evidence affording the jury a reasonable basis on which to allocate the damage." *Lyons v. Miller Cas. Ins. Co. of Tex.*, 866 S.W.2d 597, 601 (Tex. 1993). Because an insured can only recover for covered events, the burden of segregating the damage attributable solely to the covered event is a coverage issue for which the insured carries the burden of proof. *See Wallis v. United Servs. Auto. Ass'n*, 2 S.W.3d 300, 303 (Tex. App. 1999, pet. denied). "It is essential that the insured produce evidence which will afford a reasonable basis for estimating the amount of damage or the proportionate part of damage caused by a risk covered by the insurance policy." *Travelers Indem. Co. v. McKillip*, 469 S.W.2d 160, 163 (Tex. 1971). "[F]ailure to segregate covered

and noncovered perils is fatal to recovery." *Comsys Info. Tech. Servs., Inc. v. Twin City Fire Ins. Co.*, 130 S.W.3d 181, 198 (Tex. App. 2003, pet. denied); *Dall. Nat'l Ins. Co. v. Calitex Corp.*, 458 S.W.3d 210, 227 (Tex. App. 2015, no pet.) (holding there was no reasonable basis for estimating amount of damage caused by risk covered by the insurance policy).

One Way has not introduced any evidence that would enable a reasonable jury to estimate the amount of damage or the proportionate part of damage caused by a covered cause—i.e., hail and wind. Even if the court were to consider the reports of A & L and Accord as timely proffered expert testimony, the reports only provide estimates of the cost to repair the Property and some evidence that the Property was damaged by hail. Neither report provides evidence from which a reasonable jury could allocate damage from wear and tear, poor construction, or any other causes, on the one hand, and allocate damage from wind and hail, on the other hand. Accordingly, because One Way has not created a genuine fact issue concerning whether its alleged damages are covered by the Policy, Century is entitled to summary judgment dismissing One Way's breach of contract claim.

C

Century is entitled to summary judgment on One Way's breach of contract claim for an additional reason. A party seeking to recover for the cost of repairs must prove the reasonable value of the repairs and that the repairs are necessary. *Ebby Halliday Real Estate, Inc. v. Murnan*, 916 S.W.2d 585, 589 (Tex. App. 1996, writ denied). "Mere proof of amounts charged or paid does not raise an issue of reasonableness and such amounts ordinarily cannot be recovered without evidence showing the charges were reasonable." *Id.*

One Way has not presented any evidence that would enable a reasonable jury to find that the damages One Way seeks for repairs to the Property are reasonable and necessary. It has only provided an estimate of the cost to repair the Property.

IV

Century also moves for summary judgment as to One Way's extra-contractual claims for breach of the duty of good faith and fair dealing and for violations of the Texas Insurance Code. Century maintains that there can be no liability for extra-contractual claims where there has been no breach of the Policy. One Way has not responded to Century's motion for summary judgment to the extent the motion is addressed to One Way's extra-contractual claims.

A "bona fide dispute" regarding insurance coverage precludes liability for breach of the duty of good faith and fair dealing and violations of the Texas Insurance Code. *See Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) (citing *Emmert v. Progressive Cnty. Mut. Ins. Co.*, 882 S.W.2d 32, 36 (Tex. App. 1994, writ denied)); *Douglas v. State Farm Lloyds*, 37 F.Supp.2d 532, 544 (S.D. Tex. 1999). In other words, if there is any reasonable basis for denying insurance coverage, the insurer will not be liable in tort. *See Emmert*, 882 S.W.2d at 36.

Century points to the testimony of its expert, Fleishmann, who conducted an examination of the Property. Fleishmann concluded that "hail damage to the roof did not cause or contribute to roof leakage and that there was no wind damage to the roof," and that "the poor condition of the roof was not caused by hail or any storm event but by the age of

- 6 -

the roofing materials and normal wear and tear." D. App. 89.  One Way has not provided any evidence that refutes Fleishmann's conclusions or that would enable a reasonable jury to find that Century did not have a reasonable basis for denying One Way's claim.  One Way has also failed to introduce any evidence that Century violated its duty of good faith and fair dealing or that Century otherwise violated the Texas Insurance Code by failing to promptly respond to One Way's claim or by engaging in other unfair settlement practices.  Accordingly, Century is entitled to summary judgment dismissing One Way's extra-contractual claims.

\* \* \*

For the reasons explained, the court grants Century's motion for summary judgment and dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

September 21, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE